Michael L. Dotson v. Commissioner. Amadeo L. Guissi and Karmel B. Guissi v. Commissioner.
Dotson v. Commissioner
Docket Nos. 40611, 40612.
United States Tax Court
1953 Tax Ct. Memo LEXIS 157; 12 T.C.M. (CCH) 891; T.C.M. (RIA) 53267; August 6, 1953
*157 The amounts expended by two taxpayers for business travel and customer entertainment over and above the amount claimed by and allowed to the partnership, of which they were members, for such purposes, determined. Wareham C. Seaman, Esq., 503 California Building, Stockton, Calif., for the petitioners. Charles W. Nyquist, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion VAN FOSSAN, Judge: Respondent determined deficiencies in income taxes for petitioners for the year 1948 as follows: Michael L. Dotson
$274.56
Amadeo L. Guissi and Karmel
B. Guissi
289.76
The deficiencies arise from respondent's disallowance of certain amounts claimed by petitioners as expenses for business travel and customer entertainment on the grounds that such expenses are a duplication of amounts so claimed in the computation by petitioners of income of a partnership, of which they were members. Findings of Fact The stipulation of certain facts filed by the parties is adopted and incorporated herein by this reference. Petitioner, Michael L. Dotson (hereinafter referred to as Dotson), is an unmarried individual residing in Sonora, California. *158 Petitioners, Amadeo L. Guissi (hereinafter referred to as Guissi), and Karmel B. Guissi, are husband and wife who also reside in Sonora, California. The income tax returns of the petitioners for the year 1948 were filed with the collector of internal revenue for the first district of California. Dotson and Guissi (both of whom are sometimes hereinafter referred to collectively as petitioners), were, during the year 1948, partners in the operation of a tavern and cocktail lounge in the town of Sonora, California, a small town of approximately 3,000 population in a mountainous and thinly populated area. A double entry system of books was maintained by the partnership. The original records were kept by petitioners and a licensed public accountant maintained a ledger and prepared the income tax returns. The partnership was informal and operated under a verbal agreement between Dotson and Guissi, who also orally agreed at the outset to expend as much money as was possible for advertising or to promote the business. During the taxable year, each partner entertained competitors and prospective customers with food and drinks both on and off the premises in Sonora, and outside thereof. Such *159 expenditures were evidenced by checks drawn on partnership funds, issued to an individual partner or to cash, or by notes in a memorandum book maintained by each partner. Amounts expended by each partner individually were entered in the memorandum book kept by him. The amounts so entered were determined by taking the difference between the money in pocket with which the particular partner started out and the money with which he returned. The amount of $960 thus determined was deducted for business travel and entertainment on the joint return of Guissi and his wife for 1948 and an amount of $1,200 was so deducted by Dotson on his individual return for such year. The amount of $1,579.37 was deducted as advertising expense in the partnership return. No other deductions were claimed on any of these returns for advertising, promotion, entertainment of customers or travel expense except for a deduction by Dotson of $772 for depreciation of an automobile used in business of the partnership, the depreciation being computed at 80 per cent of the total use, and the amount of $100 deducted by each of the petitioners as business club dues, neither of which is here at issue. The amount so claimed *160 and allowed as a deduction for advertising on the 1948 partnership return was evidenced by partnership checks totaling $1,504.79; the amount of $74.58 was a cash item. As an ultimate conclusion of fact, we find that over and above the amount allowed the partnership as ordinary and necessary expenses for advertising and entertaining customers, Dotson and Guissi individually $449spent and $400, respectively, for such purposes and for which they received no reimbursement from the partnership. Opinion The question here presented is entirely one of fact. After full consideration of all the evidence pertinent thereto, we are convinced that both petitioners made certain individual expenditures for the purposes claimed over and above the amount allowed the partnership. We have determined and found that of the amounts claimed by Dotson and Guissi, $449 and $400, respectively, are allowable deductions for ordinary and necessary business expenses spent for the partnership business and not reimbursed to petitioners by it. . The deficiencies will be recomputed accordingly. Decisions will be entered under Rule 50.